IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
MIDLAND/ODESSA DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | § | |
| v. | § | MO:09-CR-00252-DC |
| **ARMANDO SAUSEDA, SR.** | § | |

### ORDER

Before the Court is the United States Court of Appeals' Order of Remand for reconsideration of Defendant's Motion for Compassionate Release under 18 U.S.C. § 3582(c)(1)(A) filed January 19, 2021. (Doc. 365). After reviewing the merits of Defendant's motion and the entire record, the Court finds the factors listed in 18 U.S.C. § 3553(a) do not support early release based on the specific factual reasons stated below.

### DISCUSSION OF SENTENCING FACTORS

Defendant "is serving a life sentence for murder and an 87-month sentence for drug trafficking."[1] But that quote does not fully capture this case. Defendant believed two men were coming to kill him at his residence over a dispute about cocaine distribution and firearms. So Defendant enlisted his brother, juvenile son, and his son's juvenile friends ("Co-defendants") to help ambush the two men when they arrived at Defendant's residence.

When the two men arrived by vehicle, Defendant and Co-defendants used firearms to unload a hail of gunfire into the vehicle, killing both men. The sheer carnage caused by the gunfire was staggering. For instance, Defendant confessed that he had personally "pumped" (fired) at least 60 rounds into the vehicle. And when the gunfire stopped,

---

[1] *United States v. Sauseda*, No. 21-50210, 2022 WL 989371, *1 (5th Cir. Apr. 1, 2022).

Defendant approached the vehicle and shot each of the deceased men several times in the head at close range.

Defendant was convicted of Conspiracy to Possess with Intent to Distribute a Quantity of Cocaine and Marijuana ("Count 1")[2] and Aiding and Abetting in the use of a Firearm during a Drug Trafficking Crime and a Crime of Violence to Commit Murder ("Count 2").[3] Defendant's presentencing report calculated a guideline range of 70 to 87 months for Count 1 and life for Count 2. Then-district court judge Robert Junell selected a prison term of 87 months for Count 1 and life for Count 2. Defendant is not scheduled to be released.

In January 2021, this Court denied Defendant's Motion for Compassionate Release.[4] After an appeal, the Fifth Circuit vacated and remanded because "[t]here is thus nothing in the record on appeal to illumine how the district court determined that [Defendant's] motion should be denied other than the bare conclusions of that order."[5]

The record is lengthy; there are 377 document entries on the docket at the time of writing. But what a quick skim of the record reveals—besides the factual circumstances listed above—is that the district court judge who ruled on Defendant's motion for compassionate release was the magistrate judge from the inception of the case. Indeed, even the 2015 report and recommendation denying Defendant's motion to vacate was written by the same judge as the order denying Defendant's 2021 motion for compassionate release.[6]

---

[2] 21 U.S.C. § 846.
[3] 18 U.S.C. §§ 924(c)(1), 924(j), 2.
[4] Doc. 366.
[5] *Sauseda*, 2022 WL 989371, *2; *see also* Bryan A. Garner, Garner's Modern English Usage 486 (4th ed. 2016) (*Illumine* is archaic except in poetry).
[6] Doc. 311 (Counts, M.J.,).

So although stating that "[t]he judge deciding the motion was not the judge who originally sentenced [Defendant]" is not an inaccurate statement, the judge that decided the motion has been intimately involved with this case since he issued the bench warrant for Defendant's arrest in 2009.[7]

Thus, because of the Court's intimate involvement with this case from the start, the nature and circumstances of Defendant's offense, and Defendant's characteristics, reducing Defendant's sentence is not justified. Reducing Defendant's sentence would likewise not reflect the seriousness of his offense, promote respect for the law, provide just punishment for the offense, adequately deter criminal conduct, or protect the public from further crimes. And although Defendant claims his asthma, hypertension, and obesity put him at a higher risk if he contracts Covid-19, a sentence reduction is also unnecessary to provide Defendant with medical care because he has refused to be vaccinated against Covid-19.[8]

It is therefore **ORDERED** that Defendant's Motion for Sentence Reduction be **DENIED**. (Doc. 365)

It is so **ORDERED**.

SIGNED this 5th day of December, 2022.

DAVID COUNTS
UNITED STATES DISTRICT JUDGE

---

[7] *Sauseda*, 2022 WL 989371, *2; Doc. 5 (Order for Issuance of Bench Warrant signed by Counts, M.J. on October 5, 2009).
[8] Doc. 377 at 10.